UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DELTONA TRANSFORMER
CORPORATION,

    Plaintiff,

v.                                                    Case No. 6:20-cv-356-Orl-37EJK

FENG DEQIAN,

    Defendant.
_____

## ORDER

Plaintiff Deltona Transformer Corporation ("**DTC**" or "**Plaintiff**") sued Defendant, alleging trademark and trade dress infringement, false designation of origin and unfair competition under the Lanham Act, copyright infringement, violation of the Defend Trade Secrets Act, violation of the Florida Uniform Trade Secrets Act, unfair competition and deceptive acts and practices in violation of the laws of the State of Florida. (Doc. 10 ("**Complaint**").) The parties have now reached a settlement and move for the entry of a consent judgment and permanent injunction. (Doc. 27 ("**Motion**").)

As part of the settlement, Defendant represents it has operated under the following names in the United States, none of which are companies that are registered under the laws of any country: Dongguan Mroinge Electronic Technology Co., Ltd.; Mroinge Corporation; and Mroinge International, Ltd. (Doc. 27-1, p. 3.) Defendant has agreed to remove, and has represented that it has removed, from commerce all marketing

materials used and products marketed or sold in connection with: (i) the Trademarks; (ii) the Trade Dress (as defined herein); (iii) the Copyrighted Works (as defined herein); and (iv) Confidential Information (as defined herein). (*Id.*) The parties also stipulate to the entry of a consent judgment and permanent injunction. (Docs. 27, 27-1.) On review, the Court grants the Motion.

## I. STIPULATED FACTS

1. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### A. Plaintiff's Confidential Information, Trademarks, Trade Dress and Copyrights

2. DTC is a privately-owned company, started in 1965.

3. DTC, through its licensee, manufactures, distributes, offers for sale, sells, markets, advertises and promotes battery chargers and battery maintainers, as well as various other products, used in the automotive, motorcycle and power sport industries.

4. DTC is the owner of proprietary and confidential information that is used in its products, including in its chargers and charge maintainers for batteries, concerning in particular:

    a. the process pursuant to which the products are manufactured, produced and constructed;

    b. material selection;

    c. vendor selection;

      d.      management of manufacturing costs or capacities;

      e.      manufacturing related logistics;

      f.      quality control methods;

      g.      product design;

      h.      design specifications technology; and

      i.      customer information,

all relating to Plaintiff's branded battery charger products (collectively, "**Confidential Information**").

5. DTC's licensee and its licensee's manufacturers and suppliers are granted limited access to its Confidential Information, which they are required to maintain in strict confidence and use only to accomplish work for DTC and for no other purpose.

6. In connection with its products, DTC has continuously used for almost *three decades* and is the exclusive owner and holder of both valid and subsisting federal statutory rights and common law rights to the Battery Tender®, Deltran Battery Tender®, and SuperSmart Battery Charger® trademarks, including substantial goodwill. Further, in connection with such products, DTC has continuously used since 2009 and is the exclusive owner and holder of both valid and subsisting federal statutory rights and common law rights to the Power Tender® trademark, including substantial goodwill.

7. DTC is the owner of the following U.S. Trademark Registrations for the Trademarks:

| U.S. Reg. No. | Trademark Mark | U.S. Reg. No. | Trademark Mark |
|---|---|---|---|
| 347459 | Battery Tender® | 475096 | Battery Tender® |
| 428142 | Deltran Battery Tender® | 445545 | *[Deltran Battery Tender logo]* |
| 450929 | Power Tender® | 481813 | Solar Tender® |
| 174660 | SuperSmart Battery Charger® | 621468 | SuperSmart® |
| 6107944 | Battery Tender Junior® | 5513986 | Charge N Store® |
| 6107945 | Battery Tender Junior 800® | 6107946 | Battery Tender Plus® |
| 6107947 | Battery Tender Power Plus® | 6118914 | *[Battery Tender Junior 800 by Deltran logo]* |
| 6118912 | *[Battery Tender Junior by Deltran logo]* | 6118919 | *[Battery Tender Plus! by Deltran logo]* |

-4-

8. All such registrations are valid and subsisting, in full force and effect. U.S. Trademark Registration Nos. 3474591, 4281421, 4509295 and 4818135 have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, as such, constitute conclusive evidence of their validity and Plaintiff's ownership thereof.

9. DTC has exclusively and continuously used the above-described trademarks stylized with yellow text as in the design marks shown above (all of the above referenced word marks and design trademarks herein referred to as the "**Trademarks**").

10. DTC is also the owner, by virtue of its continuous and exclusive use for almost thirty years, of common law rights in and to the color green as applied to the front panel of its charger and related products (the "**Trade Dress**"; together with the Trademarks, the "**Asserted Marks**"), as follows:



11. DTC filed U.S. Trademark Application Nos. 88363320 and 88363362 on March 29, 2019, for registration on the Principal Register, for the Trade Dress. Both applications were found by the examining attorney during their prosecution as having acquired secondary meaning and entitled to registration on the Principal Register.

12. DTC's Trademarks and the Trade Dress have been consistently and prominently used on the charger products themselves, as well as on packaging, in sales materials, and in consumer advertising for Plaintiff's charger products.

13. DTC's branded chargers have used the Trade Dress since the initial launch of Plaintiff's charger products under the Trademarks over three decades ago.

14. The Trade Dress as used on chargers serves no purpose or function other than to identify Plaintiff as the source of the goods.

15. DTC's Trade Dress provides DTC with a competitive advantage and has become, through its widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of DTC, its high quality goods, and its goodwill.

16. In advertising and packaging its products, DTC uses the distinctive Trade Dress, to readily identify goods offered exclusively by Plaintiff and to allow the consumer to easily identify DTC as the source of its products.

17. Because of DTC's extensive and exclusive use of the Trade Dress on and in connection with DTC's chargers, the Trade Dress has come to be uniquely associated with and distinctive for DTC, its brand, and its products. In fact, DTC's distinctive Trade Dress has become synonymous with DTC and the Trademarks and has acquired strong secondary meaning within the minds of the relevant consuming public.

18. DTC's branded charger products are consistently touted by the motorcycle and power sports industries as being the number one charger available.

19. DTC's Trademarks, Trade Dress and the products offered thereunder have received significant unsolicited coverage in various forms of media and outlets.

20. Plaintiff has expended substantial time, money, and other resources in developing, marketing, advertising, and otherwise promoting its brand, including the Trademarks, the Trade Dress, and the products sold thereunder.

21. As a result of DTC's extensive expenditures and efforts, the Trademarks and Trade Dress are widely and favorably known across the United States and internationally to the trade and purchasing public to exclusively identify the sole source of the products offered by DTC, signify the high quality of the products designated by the Trademarks and Trade Dress, and have acquired incalculable distinction, reputation, and goodwill value belonging exclusively to DTC.

22. For use in connection with DTC's branded battery charger products, Plaintiff independently created an original product description, containing a narrative along with certain stylistic embellishments in the text, for example, discussing that the battery charger has a "brain," and marketing graphics showing eight original, organized icons with text about the product features (the "**Copyrighted Works**").

23. DTC is the owner of all rights, title, and interest, including the copyright in and to the Copyrighted Works. The Copyrighted Works is an original work of authorship entitled to copyright protection. Effective November 4, 2019, the United States Copyright Office issued Registration No. TX 8-796-573 and TX 8-803-392, covering the Copyrighted Works.

24. The Copyrighted Works are displayed by DTC on the internet in connection with the marketing, advertising, and sale of its products.

25. Further, DTC's Confidential Information constitute trade secrets that relate to products and services used in interstate commerce, and that derives independent economic value from not being generally known to, and not being readily ascertainable through proper means, by persons who can obtain economic value from the disclosure or use of such information.

26. DTC's Confidential Information have been the subject of efforts that are reasonable under the circumstances to maintain their secrecy, including, but not limited to, requiring outside third parties, licensees, and vendors to sign non-disclosure and confidentiality agreements before having access to such information.

### B.   Defendant's Products

27. Defendant developed competing battery charger products (the "**Products**") that he marked with nearly identical trademarks and trade dress as compared to the Plaintiff's Asserted Marks.

28. In particular, Defendant offered the Products for sale in US commerce using a green front panel on its Products identical and/or highly similar to DTC's Trade Dress.

29. Further, the Defendant used the trademark "Super Smart Battery Charger", which is identical to DTC's trademarks SuperSmart® and SuperSmart Battery Charger®, and portions of the Copyrighted Works, in the content of its product advertisements.

30. Defendant represents that if it used DTC's Trademarks (or any confusingly similar variations thereof) as keywords and/or search terms to trigger advertisements and display of its products, any such uses would have been only in a nominal and/or minimal amount.

31. Defendant's acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or are otherwise authorized by DTC.

32. Without DTC's permission, consent, or license, in connection with the advertising, marketing, and sale of Defendant's Products, Defendant also adopted a product description and graphics that copied the original and creative features of DTC's Copyrighted Works in a substantially similar manor that an average lay observer would recognize as a copy.

33. Defendant used DTC's Confidential Information by disclosing and/or using it without express or implied consent of DTC, which he was under a duty to maintain the secrecy of such information and not use the same and/or derive any personal benefits from the same

34. Defendant's acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or are otherwise authorized by DTC.

35. The foregoing conduct by Defendant constitutes trademark and trade dress infringement in violation of 15 U.S.C. § 1114, trademark infringement in violation of 15 U.S.C. § 1114(1), unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), common law trademark infringement and unfair competition, federal copyright infringement, a violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, a violation of trade secret misappropriation under Florida Uniform Trade Secrets Act, Chapter 688, Florida Statutes, and a violation of Florida's Deceptive and Unfair Trade Practices Act, all of which are in violation of the laws of the United States and the State of Florida.

## II.   CONSENT JUDGMENT

Accordingly, it is **ORDERED AND ADJUDGED**:

36. As a direct and proximate result of Defendant's infringing conduct alleged herein, DTC has sustained irreparable injury, and is entitled to an injunction pursuant to 15 U.S.C. §§ 1116-1117.

37. Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

38. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of DTC's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

### III.   PERMANENT INJUNCTION

Accordingly, it is **ORDERED AND ADJUDGED** that:

39. Defendant, also operating under the names "Mroinge," "Dongguan Mroinge Electronic Technology Co., Ltd.," "Mroinge Corporation" and "Mroinge International, Ltd.;" his employees, agents, officers, directors, managers, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from directly or indirectly:

a. Manufacturing, distributing, supplying, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote Defendant's Products, including without limitation, its battery chargers and battery accessories, bearing the Trade Dress or being advertised or offered with any of the Trademarks, or any other variations of them that are counterfeit, copy, simulation, confusing similar variation, or colorable imitation of DTC's Trade Dress or Trademarks; and

b. Utilizing content from DTC's Copyrighted Works, as shown in Registration No.'s TX 8-796-573 and TX 8-803-392, to advertise or otherwise market any products or services in any manner whatsoever, including, inter alia, on Defendant's websites and through reseller Amazon.com, or otherwise infringing or contributing to the infringement of Plaintiff's Copyrighted Works; and

c. Using or disclosing DTC's Confidential Information and proprietary information relating to DTC's branded battery charger products to or for the benefit of others, including but not limited to Defendant's manufacturers; and

d. Engaging in any other activity that infringes DTC's rights in its Trademarks; and

e. Engaging in any other activity that infringes DTC's rights in its Trade Dress; and

f. Engaging in any activity constituting unfair competition with DTC; and

g. Engaging in any activity that is likely to dilute the distinctiveness of DTC's Trademarks or Trade Dress; and

h. Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with DTC or (ii) DTC's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant; and

i. Using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, that falsely associate Defendant's business, goods, and/or services with DTC or tend to do so; and

j.  Registering or applying to register any trademark, trade dress service mark, domain name, trade name, or other source identifier or symbol of origin consisting of any mark that infringes or is likely to be confused with DTC's Trademarks, Trade Dress, or any goods of DTC, or DTC as their source; and

k.  Using the DTC's Trademarks and variations thereof, as keywords and/or search terms (whether through Amazon.com, eBay.com, Google, Bing, or otherwise) to trigger advertisements and/or the display of any product offered for sale by Defendant and/or Defendant's website; and

l.  Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 39(a) through paragraph 39(k).

40.  This Consent Judgment and Permanent Injunction shall apply to Defendant's seller identification numbers associated with the Mroinge e-commerce stores and www.mroinge.com domain name; other associated e-commerce stores; social media accounts; private messaging accounts; websites, and any other seller identification names, e-commerce stores, social media accounts, domain names and websites, which are being used by Defendant for the purpose of marketing or selling Defendant's Products at issue in this action and/or unfairly competing with Plaintiff.

41. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

42. If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that DTC shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

43. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

44. The Hearing on the Motion for a Preliminary Injunction (Doc. 24) is **CANCELED.**

45. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 30, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record